# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                         |     |                      |
|-------------------------|-----|----------------------|
| STATE OF DELAWARE,      | )   |                      |
|                         | )   |                      |
|                         | )   |                      |
| v.                      | )   | I.D. No. 1602004456A |
|                         | )   |                      |
|                         | )   |                      |
| JONATHAN JOHNSON,       | )   |                      |
|                         | )   |                      |
| Defendant.              | )   |                      |

## ORDER

Submitted: March 4, 2021
Decided: April 13, 2021
Corrected: April 14, 2021[1]

*Upon Consideration of Defendant's Motion to Strike the State's Response*,
**DENIED**.

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied,*
**ADOPTED**.

*Upon Consideration of Defendant's Appeal from the Commissioner's Report and Recommendation on Defendant's Motion for Postconviction Relief*,
**DENIED**.

Allison Abessinio, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Jonathan Johnson, James T. Vaugh Correctional Center, Smyrna Delaware, *pro se*.

**MEDINILLA, J.**

---

[1] This version corrects the omission of Defendant's letter filed on January 22, 2021.

**AND NOW TO WIT**, this 14th day of April, 2021, upon consideration of Defendant Jonathan Johnson's (Defendant) Motion for Postconviction Relief, the Commissioner's Report and Recommendation, Defendant's Objections to the Commissioner's Report and Recommendation, the State's Response to Defendant's Objection, Defendant's Motion to Strike the State's Response, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      Defendant was charged with multiple offenses, after law enforcement executed a search warrant of his home and located firearms, ammunition, heroin, cocaine, and marijuana.[2]   On January 27, 2017, Defendant filed a Motion to Suppress,[3] later denied.[4]  On April 25, 2017, the day of trial, Defendant accepted a plea to one count of Drug Dealing and one count of Possession of a Firearm During the Commission of a Felony (PFDCF).[5]  The State entered a *nolle prosequi* on the remaining charges.

2.      On July 26, 2017, the State filed a Motion to Declare Defendant a Habitual Offender and to be sentenced on the PFDCF charge under 11 *Del. C.* §

---

[2] On September 12, 2016, a Superior Court grand jury returned an indictment against Defendant for the following charges: Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts).
[3] Motion to Suppress, D.I. 21.
[4] Trial Calendar/Suppression Hearing: Motion Denied, D.I. 29.
[5] *See* Trial Calendar – Pled Guilty PSI Ordered, D.I. 39.

4214.[6] On October 27, 2017, the Court granted the State's motion,[7] and sentenced Defendant to the minimum mandatory twenty-five years at Level V for the PFDCF charge, and to probation for the Drug Dealing offense.[8]

3. On October 17, 2018, Defendant filed a Motion for Postconviction Relief (Rule 61) under Superior Court Criminal Rule 61.[9] Between October 2019 and January 2020, Defendant also filed a Petition for Writ of Mandamus with this Court,[10] a Petition for an Evidentiary Hearing,[11] and a Motion to Stay the consideration of his Rule 61 Motion.[12] During the pendency of his Rule 61 Motion, Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court. On April 15, 2020, the Supreme Court denied his petition.[13] On May 14, 2020, the State filed responses to each of Defendant's pending motions.

4. This Court referred Defendant's pending motions to Superior Court Commissioner, Katherine L. Mayer for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[14]

---

[6] State's Motion to Declare Johnson an Habitual Offender, D.I. 41; *see* 11 *Del. C.* § 4214

[7] State's Motion to Declare Johnson an Habitual Offender Granted, D.I. 42.

[8] Sentencing Calendar: Johnson Sentenced, D.I. 41; *see* Sentencing Order, D.I. 43.

[9] Motion for Postconviction Relief, D.I. 44.

[10] Petition for Writ of Mandamus, D.I. 75.

[11] Petition for an Evidentiary Hearing, D.I. 78.

[12] Motion to Stay, D.I. 81.

[13] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. 2020) (TABLE).

[14] *See* 10 *Del. C.* § 512(b)(1)(b); DEL. SUPER. CT. CRIM. R. 62(a)(5) (stating that the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, or any such matter.").

On May 26, 2020, the Commissioner issued a Report, recommending that this Court dismiss Defendant's Petition for Writ of Mandamus as meritless, and subsequently deny Defendant's Petition for an Evidentiary Hearing and Motion to Stay.[15] On August 14, 2020, this Court adopted the Commissioner's Report and dismissed Defendant's Petition for Writ of Mandamus and denied Defendant's Petition for an Evidentiary Hearing and Motion to Stay.[16]

5. On August 17, 2020, the Commissioner issued her Report and Recommendation that Defendant's Motion for Postconviction Relief should be denied.[17] On August 31, 2020, Defendant filed a Motion for Extension of Time to File Objections to the Commissioners report, which this Court granted.[18] On September 17, 2020, Defendant filed his Objections to the Commissioner's Report and Recommendations.[19] On December 22, 2020, Defendant filed a supplement to his Objections.[20] On January 22, 2021, Defendant filed a letter subsequent to the Commissioner's Report and Recommendation reiterating the same relief considered by the Commissioner; "reversal" of his guilty plea, and a "proper" suppression hearing.[21] On February 25, 2021, the State filed a Response to Defendant's

---

[15] Commissioner's Report and Recommendations and Order, D.I. 92.
[16] Order Adopting Commissioner's Report and Recommendation, D.I. 94.
[17] Commissioner's Report and Recommendation, D.I. 96.
[18] Motion for Extension of Time, D.I. 98.
[19] Affidavit of Facts and Defendant's Objections to Commissioner's Report and Recommendation, D.I. 99.
[20] Motion to Amend, D.I. 102.
[21] Defendant's Letter, D.I. 103.

Objections.[22]  On March 4, 2021, Defendant filed a Motion to Strike the State's Response.[23]

6.      The Court first addresses Defendant's Motion to Strike.  Defendant argues that because the State did not file its response within ten days of receiving Defendant's written objections, they are untimely and must be stricken.  Superior Court Criminal Rule 62(a)(5)(ii) states in pertinent part that once written objections have been filed and served on the opposing party, the opposing party "shall then have 10 days from service upon that party of the written objections to file and serve a written response to the written objections."[24]  If a party fails to comply with the rule, their submissions *may* be subject to dismissal.[25]

7.      Though the State's response was filed after the ten-day period, the response was not untimely.  Due to the resultant delays during the Covid-19 pandemic, the Court asked the State to submit its response to Defendant's objections by March 1, 2021.[26]  The State filed its response on February 25, 2021.[27]  Therefore, the State's response was timely.  As such Defendant's Motion to Strike the State's Response is **DENIED**.

---

[22] State's Response to Defendant's Objections to Commissioner's Report and Recommendations, D.I. 105.
[23] Motion to Strike State's Response, D.I. 107.
[24] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).
[25] *Id.* at 62(b).
[26] Letter from Judge Vivian L. Medinilla to Allison Abessinio, DAG, D.I. 104.
[27] State's Response to Defendant's Objections to Commissioner's Report and Recommendations, D.I. 105.

8. The Court now turns to the Commissioner's Report and Recommendations that his Motion for Postconviction Relief be denied. A judge "may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[28] The Court conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which an objection is made."[29]

9. First, as fully set out in the Commissioner's Report, Defendant's Motion is procedurally barred under Superior Court Criminal Rule 61(i)(3) and (4). Although the motion is couched as an ineffective assistance of counsel claim, Defendant's first argument regarding his Motion to Suppress echoes prior arguments raised regarding the Court's determination before trial that his Motion to Suppress should be denied. The Court finds that such arguments have been considered and rejected.[30] For this reason, Defendant's Motion is barred under Superior Court Criminal Rule 61(i)(4).[31] The Court also finds that the remainder of Defendant's claims have been waived, where Defendant failed to present them through the trial court proceedings or on appeal. For this reason, Defendant's motion is also barred

---

[28] DEL. SUPER. CT. CRIM. R. 62(a)(5)(iv).
[29] *Id.*
[30] Trial Calendar/Suppression Hearing: Motion Denied, D.I. 29.
[31] DEL. SUPER. CT. CRIM. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").

under Superior Court Criminal Rule 61(i)(3).[32] Furthermore, the Commissioner's Report determined that Defendant's arguments did not meet any exceptions to these procedural bars.[33] This Court agrees.

10. Next, the Court addresses Defendant's Objections. Superior Court Criminal Rule 62(a)(5) permits the Court to refer case-dispositive motions, including postconviction relief motions, to a Superior Court Commissioner for "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[34] After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[35] A party failing to comply with this ten-day limit for appeal may foreclose that party's ability to object to the Commissioner's report.[36] The Court considers Defendant's appeal as a timely objection. In considering his appeal, however, the Court finds that Defendant merely reiterates arguments presented in his initial Motion. These have been considered and rejected.

---

[32] DEL. SUPER. CT. CRIM. R. 61(i)(3) ("Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) [c]ause for relief from the procedural default and (B) [p]rejudice from violation of the movant's rights.").

[33] Commissioner's Report and Recommendation, D.I. 96, at 8-10; *see also* DEL. SUPER. CT. CRIM. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[34] DEL. SUPER. CT. CRIM. R. 62(a)(5).

[35] *Id.* at 62(a)(5)(ii).

[36] *Id.* at 62(b).

**IT IS SO ORDERED** that Defendant's Motion to Suppress the State's Response to Defendant's Objections is **DENIED**. After careful consideration and *de novo* review, the Court accepts and **ADOPTS**, in whole the Commissioner's Report and Recommendation for the reasons stated above. Defendant's Appeal from the Commissioner's Finding of Fact and Recommendation is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
      Department of Justice